CHARLES RICHMOND, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 4, 1907.

1. **STREET RAILWAY: Traveler's Ability to Hear: Speed: Jury.** *Held,* that owing to the condition and grade of a street railway track and a traveler's inability to hear warnings, it is a question for the jury to determine whether the motorman should not have had his car at such speed and under such control as to avoid a collision.

2. **———: Evidence: Expert: Conditions: Jury.** *Held,* while on the conditions the plaintiff might have availed himself of the aid of an expert as to the distance within which a street car might be stopped, yet he was not compelled to do so, since the observation and common sense of a jury was sufficient to draw proper conclusions on the case made.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* and *Frank G. Harrison* for appellant.

(1) The demurrer to the evidence and the request for a peremptory charge should have been granted. The evidence is insufficient to authorize a verdict. Gourley v. Railroad, 35 Mo. App. 92; Igo v. Railroad, 38 Mo. App. 381; Senn v. Railroad, 108 Mo. 150; Ruschenburg v. Railroad, 161 Mo. 81; Culbertson v. Railroad, 140 Mo. 59; Campbell v. Railroad, 175 Mo. 177; Heinzle v. Rail-

road, 182 Mo. 555; Mammerberg v. Railroad, 62 Mo. App. 564. (2) The motorman was in the exercise of ordinary care. Davies v. Railway, 159 Mo. 1; Tanner v. Railway, 161 Mo. 497; Schmidt v. Railway, 191 Mo. 228; Deane v. Transit Co., 192 Mo. 575; Green v. Railway, 192 Mo. 131; Guyer v. Railway, 174 Mo. 351; Evans v. Railway, 178 Mo. 517.

*Harvey C. Lowrance* and *Geo. N. Elliott* for respondent.

(1) Where, within the allegations of negligence pleaded and under the evidence, it appears that the operator of the car, by the exercise of reasonable care and diligence, could have averted the injury by some other means, as sounding an alarm or slackening the speed of the car, it is not necessary to submit the question of the stoppage of the car to the jury. Morgan v. Railroad, 159 Mo. 283; Schafstette v. Railroad, 175 Mo. 142; Barrie v. Transit Co., — Mo. —, 96 S. W. 235; Baxter v. Transit Co., 198 Mo. 1, 95 S. W. 862; Degel v. Transit Co., 101 Mo. App. 62; Twelkemeyer v. Transit Co., 102 Mo. App. 196; Preismeyer v. Transit Co., 102 Mo. App. 523; Biscuit Co. v. Transit Co., 108 Mo. App. 297; Moritz v. Transit Co., 102 Mo. App. 663, *et seq.;* Freymark v. Transit Co., 111 Mo. App. 213; Frank v. Transit Co., 112 Mo. App. 508. (2) Where the operator admits, or eyewitnesses testify, that he did not use all possible means at his command to stop the car, expert opinion evidence would be superfluous. Kolb v. Transit Co., 102 Mo. 143; Moritz v. Transit Co., 102 Mo. 663, et seq.; Rodgers v. Transit Co., 92 S. W. 1157. (3) Only a reckless, negligent and careless motorman will run his car up so close behind a wagon on the track that he cannot stop, or control his car, before the driver can possibly drive out of the way. The motorman in this case knew the condition of the street, the rails, the grade and his

car much better than the wagon driver. Heinz v. Transit Co., 92 S. W. 354.

ELLISON, J.—This is an action for personal injury, in which plaintiff prevailed in the trial court.

Plaintiff relies upon what is known as the humanitarian doctrine to sustain the case he presents. It appears that he was travelling north with his team and wagon on one of defendant's street railway tracks on Holmes street in Kansas City, and that one of defendant's electric street cars approached from behind and struck his wagon, causing the injury of which he complains. The only objection urged here to the judgment is that there was no sufficient proof of negligence after the motorman saw that the plaintiff was not getting off of the track. The evidence tended to show that from twenty-fifth street there was an extra sharp descending grade north on Holmes street and that plaintiff's wagon could have been seen from Twenty-fifth street a distance of between four and five hundred feet. Plaintiff stated in his testimony that he looked back up the hill to Twenty-fifth street, a distance of four or five hundred feet and that no car had appeared "over the hill" at that time. Shortly before being struck, he heard the car, looked and saw that it was coming upon him "real fast," and before he could pull the team off the track he was struck and was pushed along about one hundred and twenty-five feet. It had sleeted or snowed some that evening and the track was in a bad condition, making it difficult to stop cars. There was evidence and corroborating circumstances, further tending to prove that the car was running at the rate of ten or twelve miles an hour and that the motorman was sounding his gong until within fifty or sixty feet of wagon when he began to set his brakes. One witness for the defendant who saw the accident, stated that, the gong was sounding but that plaintiff did not seem to hear it and "just kept driving along

123 App—32

down the hill" until the car got within fifty or sixty feet of him when the motorman began to set his brake and the plaintiff appearing at same time to notice the car began "to pull his team off the track," when he was struck.

There is no doubt but that, considering the condition of the track, the extreme declining grade, the apparent inability of the plaintiff to hear the warning of the approach of the car, it was a question for the jury whether the motorman under such conditions should not have had his car at such speed and under such control that he could have avoided the collision.

Defendant insists that the plaintiff fails in his case in not showing by some expert witness within what distance a car could have been stopped in the situation presented at the scene of this accident. He might very well have had the assistance of an expert if he had chosen to present his case in that way, but it was not a necessity that he should have. Considering the evidence from the standpoint of what it tended to prove in plaintiff's favor, a case was presented which did not require the knowledge of an expert to solve. The observation and common sense of a jury was sufficient to draw proper conclusions on the case as made. The Supreme Court in Wise v. Transit Co., 198 Mo. 546, 95 S. W. 898, says: "In the circumstances it needed no expert testimony to demonstrate that a car traveling west at eight or ten miles an hour could have been stopped in the time the westbound car was travelling toward the boy while he was standing still waiting for the approach of the eastbound car and during the time that it stopped, and until it began to move east. It was a question of fact upon which the jury was competent to pass without the aid of expert testimony."

We have not discovered any sufficient reason for disturbing the judgment and it is accordingly affirmed. All concur.